## CONNELL *v.* THE STATE.

GILBERT, J. 1. The court did not err in charging the jury as follows: "The mere fact that the grand jury has returned a bill of indictment against the defendant in this case is no evidence of his guilt. And the defendant enters into the trial of this case with the presumption of innocence in his favor, and that presumption of innocence remains with the defendant throughout the entire trial, in the nature of evidence, as a shield and protection, until the State satisfies your minds by evidence in the case beyond a reasonable doubt of the defendant's guilt."

2. The court did not err in charging the jury as follows: "A reasonable doubt means exactly what it says — a doubt that is founded upon reason. A reasonable doubt may grow out of the evidence, or the want of evidence, or be engendered by the defendant's statement. While the law requires the State to demonstrate beyond a reasonable doubt, the law does not require the State to demonstrate the guilt of the defendant to a mathe· matical or an absolute certainty, and the reasonable doubt is not a vague, conjectural doubt; it is not a fanciful doubt. It is not an imaginative doubt, neither does it mean a possibility that the defendant may be innocent; but, as I said to you just now, it means a doubt that is founded upon reason."

3. The court did not err in charging the jury as follows: "The court charges you that when the defendant enters a plea of not guilty to this bill of indictment, it puts in issue every material allegation contained therein. It then devolves upon the State to satisfy the minds of the jury, by evidence in the case, to a moral and reasonable certainty and

beyond a reasonable doubt, of the guilt of the defendant, before you would be authorized to convict him."

4. The court instructed the jury as follows: "And I charge you, under a law passed by the legislature in 1918, on page 259, which I shall hereafter read to you, the legislature in 1918 has provided that no female under fourteen years of age, in the State of Georgia, can give her consent to sexual intercourse; and this act was approved on July 31, 1918, and I now read it to the jury: 'That from and after the passage of this act it shall be unlawful for any person to have sexual or carnal intercourse with any female child under the age of fourteen years;" and I charge you as a correct principle of law that since July 31st in the year 1918, under the provisions of this law, no person can have sexual intercourse with a female under fourteen years of age, whether she consents to it or does not consent to it; and if any person shall have sexual intercourse with any female under fourteen years of age, with her consent or without her consent, then, under this law which the court has just read to you, such person would be guilty of the offense of rape." Movant assigns error on this charge, on the ground that the act of the General Assembly referred to therein "is unconstitutional and void and deprives the defendant of due process of law under the fourteenth amendment to the constitution of the United State, which forbids a State from depriving any person of life, liberty, or property without due process of law, or denying any person within its jurisdiction of the equal protection of the laws, and forbids the State from abridging the privileges and immunities of the citizens of the United States." It is also contended that the act is in conflict with the due-process clause of the State constitution; and further, that the charge virtually amounted to the direction of a verdict, while it was for the jury to say whether the girl's testimony was corroborated by other testimony as the law requires. These contentions are obviously without merit.

5. The court charged the jury as follows: "That any person violating the provisions of this act shall be guilty of rape, and on conviction thereof shall be punished as prescribed by section 94 of the Penal Code of Georgia of 1910, unless the jury trying the same shall recommend that the defendant be punished as for a misdemeanor, in which event the same shall be made the judgment and sentence of the court; provided, however, that no conviction shall be had for such offense on the unsupported testimony of the female in question." Movant contends that this charge of the court is in conflict with the due-process clause of the constitution of Georgia, and contravenes the fourteenth amendment to the constitution of the United States, which declares that no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor deny to any person within its jurisdiction the equal protection of the laws, or deprive any person of his life, liberty, or property without due process of law." Defendants contend further that this charge was erroneous for the reason that the testimony of the female was not corroborated by any other witness in the case. This ground of the motion is substantially a repetition of the assignment of error stated in the next preceding headnote, and it also is obviously without merit.

6. The court did not err in instructing the jury as follows: " Under the provisions of the law which I have read to you, the court charges you that you would not be authorized to convict the defendant in this case on the unsupported testimony of the female alleged to have been raped. Under this section of the code, if you reach the conclusion that the female in question was under fourteen years of age, and if you reach the conclusion that the defendant in this case had sexual intercourse with her during the year 1920, why then the law provides that, before you would be authorized to convict the defendant of the offense of rape, the testimony of the female would have to be corroborated by some fact or other circumstance in the case. The court charges you that the law does not require that corroboration to be of that strength to satisfy the minds of the jury by evidence in the case beyond a reasonable doubt of the defendant's guilt. But the law does require the testimony of the female to be corroborated by some other fact or circumstance in the case. And as to whether or not the testimony of the female in this case has been corroborated by other facts or other testimony in the case is exclusively a question for your consideration and for your determination." Movant contends that this charge was error, because " the court narrowed the jury down to simply a corroboration of the girl by other testimony;" whereas the court should have instructed the jury that a woman in a rape case can be corroborated " by her clothing being torn, by her making some outcry, by her private parts being injured, or by her being stricken into unconsciousness or made drunk; that these and other circumstances may tend to corroborate the woman, but in this case the court simply told the jury that the woman must be corroborated in some way. . . The defendant could not be convicted, according to the act of the legislature of 1918, upon the testimony of the girl alone, even though she be under the age of fourteen, unless her testimony is corroborated by other testimony in the case, going to connect him with the commission of the crime of rape."

7. The court instructed the jury as follows: " You take these principles of law as given you in charge by the court, and you apply them to the facts and evidence in this case; and if, under the principles of law as given you in charge by the court, if you reach the conclusion, by evidence in the case, beyond a reasonable doubt, that the defendant any time during the year 1920, if he had sexual intercourse with the person alleged in that bill of indictment, Ellen Spivey, if you reach the further conclusion that at the time Ellen Spivey was under fourteen years of age, and if you reach the conclusion that it was in the County of Wilkinson and State of Georgia, then the court charges you that under the law which I have just read to you, if the defendant had sexual intercourse with Ellen Spivey, and if she was under the age of fourteen years of age, that would constitute the offense of rape. Because no female in the State of Georgia, since the 31st day of July in the year 1918, under fourteen years of age, can consent to sexual intercourse under the laws of the State of Georgia." It is complained that this charge "was practically a direction of a verdict against the defendant, and instructed the jury to find the defendant guilty of rape without giving the proviso, and before they could convict the defendant of the offense of rape

under this act of the legislature, although they believed that the girl was under fourteen years of age, they would have to believe in addition to this that her testimony was corroborated by other testimony in the case, and the failure of the trial judge to give in this immediate connection this proviso is error." This assignment of error does not show cause for the grant of a new trial.

8. The verdict was supported by evidence, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent because of sickness.*

No. 2944. MARCH 18, 1922.

Indictment for rape. Before Judge Park. Wilkinson superior court. November 7, 1921.

*John R. Cooper* and *W. O. Cooper Jr.,* for plaintiff in error.

*George M. Napier, attorney-general, Doyle Campbell, solicitor-general, Seward M. Smith, asst. atty.-gen.,* and *A. Y. Clement,* contra.

