## 26944. BRUSTER v. THE STATE.

MOBLEY, Presiding Justice. The appellant, Sherman Bruster, was indicted for armed robbery in three counts. He was convicted on Counts 1 and 2, and sentenced to 15 years on each count, to run concurrently. He filed a motion for new trial on the general grounds, and by amendment added two additional grounds. The motion for new trial, as amended, was overruled on every ground. The appeal is from that judgment. *Held:*

1. Enumerated error 3 alleges that the court erred in overruling the motion for new trial and amended motion for new trial. The evidence overwhelmingly showed that Bruster, with two companions, after midnight on June 19, 1971, entered the Crossroads Restaurant in Atlanta, armed with shotguns and pistols, and robbed two of the employees, Melvin Crawford and Marcus Washington, of $27 and $70, respectively. Bruster made an unsworn statement denying participation in the robbery, although he admitted that he was found hiding in the attic of the restaurant during the early morning hours of June 19, 1971. The general grounds are without merit.

2. Enumerated error 1 alleges that the court erred in charg-

ing the jury that: "A reasonable doubt is not a vague or conjectural doubt. It is not a fanciful doubt. It is not an imaginary doubt. *Neither does it mean that the defendant may be innocent, . . ."* The appellant contends that the italicized charge is confusing, misleading, and prejudicial to him, and an improper explanation or definition, and that it relieves the State from proving his guilt beyond a reasonable doubt. The portion of the charge complained of is only an excerpt from the charge. Charges on the subject of reasonable doubt in substantially the same language as here have been approved in *Connell v. State,* 153 Ga. 151 (2) (111 SE 545); *Williams v. State,* 210 Ga. 207 (1) (78 SE2d 521); *Sides v. State,* 213 Ga. 482, 489 (8) (99 SE2d 884); and *Bacon v. State,* 222 Ga. 151, 155 (2) (149 SE2d 111). This ground is without merit.

3. Enumerated error 2 alleges that the court erred in charging the law of conspiracy, as it was not alleged in the indictment and is a separate offense under the laws of Georgia, and therefore the appellant was not informed of the charges against him. "It has been repeatedly held by this court that a conspiracy may be proved, though not alleged in the indictment or accusation. *Dixon v. State,* 116 Ga. 186 (8) (42 SE 357); *Whitaker v. State,* 159 Ga. 787 (5) (127 SE 106); *Johnson v. State,* 188 Ga. 771 (3) (4 SE2d 639); *Harris v. State,* 190 Ga. 258 (4a) (9 SE2d 183); . . ." *Chambers v. State,* 194 Ga. 773, 784 (22 SE2d 487). The evidence authorized the charge on the law of conspiracy.

*Judgment affirmed. All the Justices concur.*
SUBMITTED JANUARY 11, 1972—DECIDED FEBRUARY 11, 1972.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Charles S. Stewart, James H. Mobley, Jr., Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, David L. G. King, Assistant Attorneys General,* for appellee.