## 53987. VEASLEY v. THE STATE.

SHULMAN, Judge.

In an altercation which apparently arose from an incident involving gravel being spun from under a car's tires onto appellant's car, appellant shot the victim in the face with a shotgun, causing the loss of sight in both eyes. This appeal follows a conviction for aggravated battery.

1. An enumeration of error claiming that the verdict is contrary to the evidence is without merit. "On appeal in criminal, as well as civil, matters, this court applies the any evidence rule." *Herndon v. State,* 132 Ga. App. 747 (3) (209 SE2d 26). The evidence here amply supports the verdict. .

2. Although appellant offered to stipulate that the victim's wounds were as described by a medical witness and that the wounds were caused by pellets fired from appellant's shotgun, photographs of the victim's wounds were admitted over objection. Appellant asserts that there was no reason for the introduction of the pictures other than to secure the sympathy of the jury for the victim, thereby prejudicing the jury against appellant. The state contended at trial and in its brief that the pictures were offered for the purpose of showing the shot pattern. It was the declared intent of the prosecutor to connect the pictured shot pattern with the testimony of another witness to establish the distance between the parties to the altercation in which the victim was injured. The state did, in fact, elicit some testimony about the distance based on the size of the shot pattern. Although the evidence was of slight materiality, its admission will not require a new trial. " '[I]f evidence is admissible for any purpose, its admission will not cause a new trial.' [Cit.]" *Davis v. State,* 153 Ga. 669 (12) (113 SE 11). Furthermore, the pictures here were admissible, regardless of the offered stipulation, to show "the nature and extent of his wounds, and were used to illustrate medical testimony . . ." *Johnson v. State,* 226 Ga. 511 (2) (175 SE2d 840).

3. In one enumeration of error, appellant contends that the trial judge erred twice by commenting on certain photographic slides tendered by the state (the same

pictures involved in the division above).

A. The first characterization of the slides to which appellant takes exception occurred during a colloquy with defense counsel who had objected to the admission of the slides. The judge, in ruling on the objection, stated that the prosecutor said he was tendering the slides for a particular purpose and "not merely for the purpose of showing the gory pictures. . ." No objection was made to the judge's statement and no motion for mistrial was made. " 'The inhibition against an expression or intimation of opinion by the trial judge . . . does not extend to colloquies between the judge and counsel as to the admissibility of certain evidence, especially where the judge is ruling upon a point made by counsel for the accused. Furthermore, if the judge, under such circumstances, should make a statement prejudicial to the accused, this court could not consider any complaint thereof, in the absence of a timely motion for a mistrial based thereon.' [Cit.]" *Herndon v. State,* 45 Ga. App. 360 (4) (164 SE 478).

B. Appellant's second complaint concerning the slides is that the trial judge in his charge made reference to the "horror" of the slides. While the use of that word alone may seem prejudicial, it does not so appear when read in context. The reference to the slides was an admonition to the jury *not* to be prejudiced by the pictures. The judge was instructing the jury on the limited purpose for which he had admitted the slides. In addition, the judge made very clear to the jury in a charge before the trial and again before the jury began their deliberation that he intended to express no opinion of the evidence and that if it seemed that he had, the jury was to disregard it. Viewing the charge as a whole, which we must do (*State v. McNeill,* 234 Ga. 696 (217 SE2d 281)), there was no error.

4. In charging the jury at length on reasonable doubt, the trial judge stated that reasonable doubt was not a ". . . supposition that the defendant might be innocent. . . ," and, later, ". . . neither does it mean a possibility that the defendant may be innocent. . ." Similar instructions have been approved by our Supreme Court. *Connell v. State,* 153 Ga. 151 (2) (111 SE 545); *Bruster v. State,* 228 Ga. 651 (2) (187 SE2d 297). Those

cases control this issue adversely to appellant.

5. Appellant complains of the wording of the portion of the charge to the jury dealing with application of the law to the facts. After stating that the law would be given by the court, the judge said that the facts would be gotten ". . . from the witnesses who testify, and from the statement and the testimony of the defendant, . . ." Appellant contends that this reference to his testimony, separate from other witnesses, was prejudicial and in contravention of Code Ann. § 27-405. That Code section provides that a criminal defendant who testifies shall be sworn and examined ". . . as any other witness. . ." There is no allegation that the procedure followed in receiving appellant's testimony was any different from that followed with any other witness.

The statute was followed and we see no prejudice to appellant. In fact, the instruction can most logically be seen as beneficial to appellant by singling out and emphasizing his testimony as a source from which to find the facts in the case. The enumeration is without merit.

6. In the course of his instructions to the jury, the trial judge gave them in charge the last sentence of Code Ann. § 26-704: "Voluntary intoxication shall not be an excuse for any criminal act or omission." Although the shooting occurred at a drinking establishment and there was testimony that virtually everyone else involved had been drinking alcoholic beverages before the shooting, there was no evidence at all that appellant had been drinking. The instruction was inapplicable and should not have been given. Appellant contends, without citation of authority, that giving the charge was prejudicial and constituted reversible error. The state, while agreeing that the charge was inappropriate, maintains that the error, if any, was harmless.

Our Supreme Court has recently adopted a standard for weighing the harmfulness (or harmlessness) of errors of law. "The standard we adopt is what is known as the 'highly probable test,' i.e., that it is 'highly probable that the error did not contribute to the judgment.' Traynor, What Makes Error Harmless, The Riddle of Harmless Error (1970)." *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869).

"The test compels a judge to go beyond a first glance for affirmance or a fleeting glimpse for reversal. It compels him to exercise his mind in the exercise of his discretion, to go beyond the appearance of the result to an examination of what causal links there may be between error and the judgment." Id. An analysis of appellant's theory of defense and his testimony provides an adequate basis for the application here of the "highly probable test."

The appellant's sole defense was justification, based on a claim that he shot the victim, Clark, in self-defense. He testified that he and Clark exchanged harsh words some hours before the shooting. Believing that Clark was armed, appellant loaded a shotgun and took it into the place where he was working. Clark returned sometime later and engaged a business associate of appellant in conversation. As Clark and appellant's associate were on their way outside to talk, appellant and Clark again exchanged harsh words. During this second exchange appellant saw the pistol Clark was carrying. Then, although he was aware that a man with whom he had quarreled had just gone out the door with a pistol in his belt, appellant picked up his shotgun and went out the same door. There were several versions of the events which followed appellant's exit. His (the most favorable to his case) was that the victim, who was standing just outside the door, began to curse him and reached for his pistol. Appellant's associate attempted to restrain Clark but only delayed his use of his pistol. At the first shot, appellant withdrew into a doorway because the safety mechanism of his shotgun was on and he could not shoot. After Clark's second shot, appellant stepped out and fired his only shot, which hit Clark's face. On cross examination, appellant indicated that he did not try to withdraw from the altercation, even though he was in a doorway through which he could have escaped safely. Under this set of facts, which was presented by appellant, his claim of self-defense was properly rejected by the jury. Code Ann. § 26-902, given to the jury in charge, allows one the use of deadly force ". . . only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself. . ." If appellant was in a doorway

through which he could have withdrawn safely, the shooting could not have been necessary, and cannot, therefore, be justified.

Applying the appropriate test to the facts of this case, we find it highly probable that the error of giving an inappropriate charge on voluntary intoxication did not contribute to the jury's verdict.

7. In three more enumerations of error, appellant attacks other portions of the trial court's instructions to the jury, criticizing the use of particular words and phrases and the placement in the charge of the various elements of the instructions. None of his complaints on the charge is meritorious. Considering the charge as a whole (*State v. McNeill*, supra), it was fair and complete.

8. In appellant's last enumeration of error, his appellate counsel attacks the qualifications and loyalty of appellant's trial counsel. After a careful reading of the entire record, we find this attack unsupported and unwarranted. As appellant notes in his brief, "The test as to inadequacy of representation appears to be that an attorney must have been 'so ignorant, negligent or unfaithful that the accused was virtually unrepresented or did not in any real or substantial sense have the aid of counsel.' *Givens v. Dutton,* 222 Ga. 756, 758 (152 SE2d 358)." *Gardner v. State,* 117 Ga. App. 262, 265 (160 SE2d 271). Such was not the case here and the enumeration of error fails.

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

ARGUED JUNE 8, 1977 — DECIDED JULY 14, 1977.

*Tom M. Allen,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.