## 59830. SIERRA v. THE STATE.

BIRDSONG, Judge.

Cruelty to animals. Jose L. Sierra was convicted of three offenses of cruelty to animals in that he nearly caused the death of three horses through malnutrition. He was sentenced to three consecutive 12-month sentences probated upon the payment of a fine and payment to the animal shelter of its custodial fee incurred while the animals were impounded. Sierra's sole enumeration of error alleges that the trial court became personally involved in the jury trial and by comment and demeanor improperly influenced the jury in its verdict. *Held:*

In support of his contention that the trial court improperly interjected his feelings into the case, appellant combed the record and picked out five activities by the court that appellant maintains illustrate the court's partiality. The trial court allegedly erred when it admitted strong feelings concerning mistreatment of animals; showed bias toward witnesses; limited cross examination; interposed itself into the prosecution's case; and showed bias in the phraseology of the jury charge.

This court will not allow itself to be drawn into name-calling or castigation of court or counsel simply because a losing party may be disgruntled with the result of litigation. We do not believe that counsel in this case has attempted to do so either. Therefore, we will consider the assertions of alleged error in good faith. Nevertheless, we find little merit in isolating a series of what appears to us to be very normal occurrences in a jury trial, tar those occurrences with evil connotations, and attempt to aggregate those occurrences (each admittedly harmless) into a form of cumulative prejudice.

First we observe that the trial court scrupulously observed trial decorum and always stayed well within procedural rules and exercised the rules of evidence. properly. While we have not attempted mechanically to count all the objections made by counsel in this case, a cursory examination shows that in a 250-page transcript at least 50 to 60 objections were made by counsel for Sierra and the state, with the vast majority being made by Sierra's counsel

and in which he mostly received favorable rulings. Not only do we note that all rulings were made properly as to result but also that they were made without editorial comment. The court simply ruled "sustained" or "overruled" and nothing more. In most instances where the state attempted to limit the defendant's examination by objection, the court overruled the objection. In those few instances where the defense was curtailed, in each instance, the court was eminently correct. In short, in the absence of an assertion of bias by the court, there is nothing on the face of the transcript to show that as between the parties, the rights of the defendant were not fully protected as regards evidentiary rulings by the court.

Examining the five activities singly does not bring about a different conclusion. There is no evidence that the court communicated a disapproval of the acts of cruelty to the jury in any harmful way. After the jury's verdict had been returned, the trial court benignly expressed the appreciation of the people of the county for the duties performed by the jurors (but made those comments within the constraints of the law). Then before the jury could be finally excused, counsel for Sierra requested a pre-sentence investigation. The trial court granted the request, acknowledged that the request was proper and appropriate but then stated that the case was one of the most repulsive he had experienced in thirty years at the bar.

The extent of the starvation of the three horses could fully support such an observation. If there was any bias, it would have extended to the ability of the court to be impartial in imposing sentence. No challenge was extended by Sierra to the court and the sentence imposed, a three-year sentence probated upon payment of a fine and expenses incurred, belies that counsel had any reason to conclude with any basis in fact that the trial court could not fairly exercise its sentencing powers.

In relation to the alleged bias toward two witnesses, the transcript shows fully what transpired. In regard to one witness for the state, this witness was an attorney, assistant district attorney, and an official of the humane society. The record reflects that she possibly allowed her emotions to become involved. After several objections, almost all of which were sustained, counsel for Sierra requested that the witness be cautioned to be responsive and not give improper conclusions. The state agreed with the defense on the record. Thereafter the trial court effectively admonished the witness by reminding her that she was charged with a knowledge of the rules of evidence and it was expected that she would abide by those rules. The witness requested the right to continue the examination and answer the questions with the rules of evidence in mind. Appellant

suggests that this does not amount to a correction of the witness and thus reflects bias by the court. We disagree. The jury could not help but conclude that the witness had been chastised.

In regard to the defendant, at one point in cross examination, the district attorney asked a question which the defendant declined to answer because he believed he had already answered it adequately. The trial court then directly asked the same question. Upon objection, the trial court stated that he was directing the witness to answer a relevant question. Clearly this was within the power of the court and it places a strain on the occurrence to conclude that the question expresses bias.

Appellant complained that at one point he was curtailed in his cross examination. The transcript reflects that counsel had asked the female attorney above identified 24 questions concerning the sufficiency of the identity of the horses (through pictorial identification) dealing either with markings or because the horses were so painfully thin. At this point in the examination, the trial court curtailed further questioning on this point as being un-necessarily repetitive. Once again this action is perfectly proper and does not reflect bias.

Again, a witness was testifying concerning an unidentified girl who wanted to adopt the horses from the animal shelter. The state interjected: "Your Honor, she cannot establish who it was—what this mysterious, blond-headed girl was. We ask that it be stricken." The Court: "I sustain the objection if you are objecting." State: "I am objecting."

Counsel for Sierra suggests that the trial court entered into the prosecution by making an objection for the state. The bare statement of the occurrence exposes the fallacy of the suggestion and dem-onstrates the propriety of the ruling.

Counsel then singles out two portions of the court's charge, one dealing with the so-called "Allen" charge and the other with value of the horses before "impairment" and after "impairment" as con-tributing to an understanding of cruelty, if any. It is alleged that these charges indicate a bias toward conviction on the part of the court. No objection is made that the charges were twisted or otherwise incorrect statements of law. We have read closely the entire charge and find no incorrect statements of law and read as a whole find that the charge is absolutely unbiased.

As was said in *Haas v. State,* 146 Ga. App. 729, 732 (5) (247 SE2d 507), "The trial judge is more than a mere moderator of a debate, he is a minister of justice, whose duty it is to govern the progress of the trial and, where possible, to prevent introduction of redundant or inadmissible matters. *Heard v. Heard,* 99 Ga. App. 864, 869 (110

SE2d 76). Because of the trial court's broad discretion in regulating and controlling the business of the court, the reviewing court should never interfere with the exercise of that discretion unless it is made to appear that wrong or oppression has resulted from its abuse, or the court in some manner takes away the rights the parties have under the law. *Dyke v. State,* 232 Ga. 817, 825 (209 SE2d 166); *Weaver v. State,* 137 Ga. App. 470, 471 (224 SE2d 110)." There is no abuse or oppression in this case. "As was said in Nicholas v. Yellow Cab Co., 180 NE2d 279, 286, 'Any error shown upon the record must stand or fall upon its own merits and is not aided by the accumulative effect of other claims of error.' *Hess Oil &c. Corp. v. Nash,* 226 Ga. 706, 709 (177 SE2d 70)." *Haas v. State,* supra, p. 734. We find no merit in appellant's contention of bias.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED MAY 5, 1980 — DECIDED JULY 7, 1980.

*W. O'Neal Dettmering, Jr.,* for appellant.
*William A. Foster, III, District Attorney, Daniel J. Sammons, Assistant District Attorney,* for appellee.