### 62247. WILLIAMS v. THE STATE.

SOGNIER, Judge.
Williams was convicted of armed robbery and attempted kidnapping. He appeals first on the general grounds; he also contends the trial court erred by allowing the prosecuting attorney, over objection, to make improper remarks in closing argument, and by allowing a statement of appellant into evidence in violation of his Miranda rights (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)).

1. The evidence discloses that Emma Lee Patrick was accosted by appellant in the parking lot at the Greyhound bus station in Atlanta about 1:30 a.m., November 27, 1980, while trying to figure out how the ticket machine operated. Appellant grabbed Patrick around the neck and held a knife at her throat. Appellant then took Patrick's purse and car keys, and forced Patrick to open the trunk of her car and tried to force her into the trunk. Patrick screamed and appellant jumped in her car and drove it up a ramp. When some police officers in the area saw Patrick screaming, they stopped to investigate; appellant jumped out of Patrick's car and started to run. The police pursued Williams in their van and called for assistance. Another officer responding to the call saw appellant jump a railing next to a church and go down a stairway leading to the basement. The police officer drew his weapon and ordered appellant to come out; as appellant came out of the stairwell he stated: "I didn't hurt her." Appellant was identified positively by Patrick as the person who robbed her and attempted to force her into the trunk; he was also identified by the police officers involved in chasing and apprehending appellant.

This evidence is more than sufficient to sustain the conviction, and we find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. In his closing argument, the prosecuting attorney stated: "Now, this is what is known as a street crime. You hear of street crime in Atlanta all the time, robberies, kidnappings —" Appellant objected on the ground that the statement was not based on the evidence, but the objection was overruled. The prosecuting attorney then reiterated that the offense was a street crime — a parking lot crime — and "[t]his is your opportunity to say this defendant is not going to commit any more street crimes in Atlanta."

The offenses charged in the indictment did, in fact, occur in a parking lot in downtown Atlanta, so the remark that this was a "street crime" was based on the evidence. This court has held that a solicitor general "may argue to the jury the necessity for enforcement of the law and may impress on the jury, with considerable latitude in imagery and illustration, its responsibility in this regard." *Terhune v. State,* 117 Ga. App. 59, 60 (159 SE2d 291) (1967); *Keys v. State,* 156 Ga. App. 553 (275 SE2d 128) (1980). Considering the remark complained of in context with the rest of the prosecutor's remarks, it is clear he was merely trying to impress on the jury its responsibility in regard to appellant's conduct. Thus, we do not consider the remark concerning street crime in Atlanta so excessive as to require reversal. Id.

3. Appellant contends that his statement "I didn't hurt her," made spontaneously to the police officer when appellant was apprehended, was not admissible as he was in custody at the time and had not been advised of his rights pursuant to Miranda v. Arizona, supra.

There is no question that once the police officer drew his weapon and ordered appellant to come out from behind the air conditioning unit that at the very least, his freedom of action was limited. However, Miranda defines custodial interrogation as "questioning *initiated* by law enforcement officers" after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. (Emphasis supplied.) Miranda, supra, at 444. The police officer did not question appellant at all; appellant made a completely spontaneous, unsolicited statement when ordered to come out by the arresting officer. As we stated in an earlier case: "It is apparent that the admission of guilt was not the product of interrogation but was a spontaneous statement of the appellant and therefore admissible." *Jacobs v. State,* 137 Ga. App. 592, 593 (1) (224 SE2d 462) (1976). Accordingly, this enumeration is without merit.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

Decided October 1, 1981.

*Myra H. Dixon,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard Hicks, Assistant District Attorneys,* for appellee.