## 65488. PETOUVIS v. THE STATE.

BANKE, Judge.

In this appeal from his conviction of aggravated assault, the defendant's primary contention is that the trial court erred in charging that "a person commits the offense of aggravated assault ... when he assaults with a deadly weapon. . . . I charge you that a .357 magnum is a deadly weapon within the meaning of the law, so that ... if you find from the evidence that the defendant was armed with a .357 magnum and that there was an assault in the manner in which the court has described before you, then you would be authorized to find the defendant guilty of the offense of aggravated assault with a deadly weapon." The defendant argues that the quoted charge would authorize his conviction upon evidence that he was armed, without other evidence showing that he committed an assault. *Held:*

1. The first part of the quoted charge merely instructed that the weapon was, as a matter of law, a deadly one. Contrary to defendant's assertion, the second portion of the charge required the jury to determine whether an assault was committed in the fashion alleged and did not authorize the jury to convict him merely for possession of the weapon. See generally *Bradham v. State,* 148 Ga. App. 89 (250 SE2d 801) (1978).

2. Appellant also enumerates as error the trial court's failure to give his requested charge on self-defense. However, it appears from

the transcript that the trial court adequately instructed the jury on all the defenses raised by the evidence including accident, justification, and self-defense.

3. The appellant's contention that no charge on justification should have been given even though he requested one is obviously meritless.

4. "There is no merit in appellant's contention that a charge on simple assault [OCGA § 16-5-20 (Code Ann. § 26-1301)] must be given in order to complete the definition of aggravated assault [OCGA § 16-5-21 (Code Ann. § 26-1302)]. The latter does not need the former to make it complete. *State v. Siebert,* 133 Ga. App. 775, 776 (2) (213 SE2d 7) (1975)." *Sutton v. State,* 245 Ga. 192 (264 SE2d 184) (1980).

5. Appellant's final enumeration of error concerns the trial court's failure to instruct the jury that a prior inconsistent statement may be considered only for purposes of impeachment. This contention is controlled by the recent case of *Gibbons v. State,* 248 Ga. 858, 862 (286 SE2d 717) (1982), which holds that "a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes."

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 10, 1983.

*Richard D. Phillips, Leon M. Braun, Jr.,* for appellant.

*Dupont K. Cheney, District Attorney, Douglas A. Datt, Assistant District Attorney,* for appellee.