## 65762. VEAL v. THE STATE.

POPE, Judge.

Defendant was indicted and tried for rape and aggravated sodomy. The state's evidence showed that defendant entered an apartment uninvited, seeking one of the two women living there. He was confronted by the other woman, who told him that the woman he was seeking was upstairs, asleep. Defendant then turned out the lights, pulled down the shades and threatened to kill the woman if she did not submit to him. He forced her to sodomize him and then he raped her on the kitchen table. The victim then ran upstairs and woke up the other woman and the two persuaded defendant to leave, after which the victim called the police.

The defense evidence was materially different. One witness testified that he observed defendant and the alleged victim talking outside the apartment before the time of the alleged offenses and he also saw them sitting on the living room sofa, talking calmly, after the time of the alleged offenses. The doctor who had examined the alleged victim in the emergency room testified that he found no indication of rape. Defendant testified that the woman offered him sex for money and that he paid the money, but they did not complete the act.

The jury acquitted defendant on rape but found him guilty of aggravated sodomy. The trial court sentenced him to twenty years imprisonment. Defendant's counsel filed an appeal, asserting that the conviction should be reversed because the state impermissibly placed defendant's character in issue and because the trial court misconstrued and improperly commented upon the defense evidence and contentions in its charge to the jury. Defendant subsequently dismissed his counsel and filed his own appeal, adding to the two contentions raised by his former counsel the general grounds and an allegation of ineffective assistance of counsel.

1. The general grounds are without merit. Though contested and contradicted, the state's evidence of aggravated sodomy was sufficient to support the conviction under the standard enunciated in Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979). "On an appeal from a finding of guilt, the presumption of innocence

no longer prevails; the fact finders have determined the credibility of the witnesses and have been convinced beyond a reasonable doubt. The appellate courts do not weigh the evidence or determine the credibility of the witnesses, but look only to determine if the evidence is sufficient such that a reasonable trier of fact could rationally have found proof of guilt beyond a reasonable doubt. [Cits.]" *Jamison v. State,* 162 Ga. App. 635 (292 SE2d 515) (1982).

2. The allegation of ineffective assistance of counsel is without merit as well. Trial counsel filed pertinent pretrial motions and requests to charge; he gave good opening and closing arguments; he called several witnesses at trial and generally demonstrated that he was both competent and prepared. Neither the fact that he made some errors during the course of the trial nor the fact that he was not ultimately successful carry much weight in the overall consideration of the effectiveness of his assistance pursuant to the standard set forth in *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974). He put up a good defense, succeeding in gaining an acquittal on the rape count and casting some doubt on the state's evidence regarding the aggravated sodomy count. Defendant was not deprived of his constitutional right to effective assistance of counsel. See *Pitts v. Glass,* supra; *Spence v. State,* 163 Ga. App. 198 (1) (292 SE2d 908) (1982); *Venenga v. State,* 163 Ga. App. 161 (1) (293 SE2d 553) (1982).

3(a). Defendant contends that the state impermissibly placed his character in issue in three respects during the course of the trial. See generally OCGA § 24-2-2 (formerly Code Ann. § 38-202). His first contention relates to the state's references to his alleged aliases and to his nickname.

Defendant was indicted under his name and two alleged aliases. During cross-examination, the district attorney asked him, "Who is James Edward Wilson?" (One alias.) Defendant did not respond. The district attorney then asked, "Who is Robert Reid?" (The other alias.) Defendant explained that Reid was his mother's maiden name. Defense counsel objected at that point on the ground that the information sought was irrelevant. The objection was sustained. Later, in closing argument, the district attorney referred again to the aliases as well as defendant's nickname, "Honey."

Defendant did not assert before or during trial that he was not known by the other names and he does not assert so now. The aliases appeared on the face of the indictment and the nickname was brought out several times in the evidence. The state was thus authorized to refer to those names within reasonable bounds and even though such references incidentally may have had some prejudicial effect upon defendant's character. See generally *Cook v. State,* 162 Ga. App. 778 (1) (293 SE2d 46) (1982); *Campbell v. State,*

160 Ga. App. 561 (1) (287 SE2d 591) (1981). The trial court limited the state to a few basic questions regarding defendant's aliases during cross-examination of him, and the state's references to the other names during closing argument were limited to one identification of defendant as "Mr. Veal, Mr. Wilson or Mr. Reid, who they [the witnesses] all knew as Honey" and to another statement that defendant had three names. Compare generally *Williams v. State,* 159 Ga. App. 772 (2) (285 SE2d 232) (1981). We hold that these limited references to the uncontestedly correct aliases and nickname do not constitute reversible error.

(b). Defendant next contends that the state committed reversible error in its final remark during closing argument: "The other thing I will ask you to do is to prevent another rape because in my opinion the verdict of not guilty will be the third time." This confusing remark is not elucidated by a reading of the remainder of the argument. Appellate counsel for the state asserts that it "was no doubt a somewhat unclear reference to the standard argument in rape cases: that the victim is raped once by the defendant and again when she must relive the experience by reporting it to the police or by testifying before the grand jury, and by testifying before the jury." Since defendant was not previously tried for the offense, we find this explanation to be the most plausible. While the remark was indeed unclear, we hold that it does not constitute reversible error. See generally *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976).

(c). Defendant contends that his character was also placed into issue because the indictment went out with the jury with the notation "Reindictment of A60777." He contends it was not in fact a reindictment of the other indictment and, in any event, the notation was impermissibly prejudicial. While we fail to see how the notation could be probative toward anything prejudicial to defendant, we need not decide this issue because no objection was raised below and the issue is thus not properly before us. See *Hughes v. State,* 159 Ga. App. 591 (2) (284 SE2d 98) (1981); see also *Depree v. State,* 246 Ga. 240 (4) (271 SE2d 155) (1980).

(d). Defendant also urges us in effect to consider these alleged errors together as showing that the state purposefully placed his character in issue. "This state does not follow a 'cumulative error' rule of prejudice. Any error of record (of which we have found none in this case) must stand or fall upon its own merits and is not aided or aggravated by the accumulative effect of other claims of error." *Butler v. State,* 163 Ga. App. 475 (4) (294 SE2d 700) (1982).

4. Defendant's final contention is that the trial court erred in its charge to the jury by stating that defendant "contends that the incident or acts referred to here were obtained by consent or

contract." He argues that this was "patently untrue" and that the court misconstrued and commented upon his sole defense, viz., complete denial of the offenses. However, the quoted extract from the charge omits the material word "further," which immediately precedes the quoted part, which transforms the statement to be that defendant "further contends . . .," and tying the statement to the preceding paragraph wherein the court charged that defendant contended he was not guilty and that the state failed to prove his guilt. Moreover, the challenged statement is based upon the testimony of defendant himself, asserting that the woman was a prostitute and that he had paid for sex with her which they had started but not completed. Upon reading the challenged language in context with the remainder of the charge and the evidence and issues at trial, we find no error.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JUNE 8, 1983 —
REHEARING DENIED JUNE 28, 1983 — 

 Before Judge Langford.

*Alice C. Stewart,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Scott N. Childress, Assistant District Attorneys,* for appellee.