### 67833. RHEAR v. THE STATE.

POPE, Judge.

Marvin Lee Rhear was indicted for armed robbery and felony murder. He was tried, convicted of armed robbery, and sentenced to a life term. The evidence authorized the jury to find that on Easter

Sunday 1982, Rhear, along with Craig Fear, Barbara Brewer and others, had been drinking heavily in celebration of the holiday. At some point in the day, Rhear, Fear and Brewer formed a plan to rob Glenn Caldwell. Later that day when Caldwell stopped by on his way to fish, Brewer lured Caldwell to the barn. As Caldwell entered the barn, Fear struck him on the head and shoulders with the shaft of a car jack; Rhear struck Caldwell low with a club. Caldwell's body was pulled further into the barn, partially covered and set afire. The partially burned body was then taken away and buried. Before Caldwell's body was taken further into the barn, his money was taken; later, this money was split between Fear and Rhear.

1. Rhear contends the trial court erred in not granting his motion to dismiss on a plea of former jeopardy. Rhear was first indicted in Case No. 15,911 in Whitfield Superior Court. Motions hearing and jury selection took place on September 27, 1982. Although the jury was selected, nothing in the record shows that the jury was ever sworn. The case was continued due to the absence of a material witness, Barbara Brewer. On November 9, 1982 Rhear was re-indicted in Case No. 16,591 on the same charges alleged in the earlier indictment. In Case No. 16,591 Barbara Brewer was indicted as a co-defendant on the same charges. On November 11, 1982 the court, on motion from the State, ordered the charges in Case No. 15,911 nolle prosequi. Rhear contends this was error because he did not consent to the nolle prosequi. OCGA § 17-8-3 provides: "After an examination of the case in open court and before it has been submitted to a jury, the prosecuting attorney may enter a nolle prosequi with the consent of the court. After the case has been submitted to a jury, a nolle prosequi shall not be entered except by the consent of the defendant." "A case is not submitted to the jury, within the meaning of this section, until the jury have been empanelled and sworn in the cause. [Cits.]" *Martin v. State*, 73 Ga. App. 573, 575 (37 SE2d 411) (1946). Thus, for OCGA § 17-8-3 to apply, the appellant must show by the record that the jury was both selected and sworn. "That a nolle prosequi has been entered to an indictment before it has been submitted to the jury is not a sufficient ground to sustain a plea in bar to a reindictment for the same offense. [Cit.]" *Bowens v. State*, 157 Ga. App. 334 (277 SE2d 326) (1981). Therefore, it was not error to allow the former indictment to be nolle prosequi, as the record before us does not show that the former case was ever submitted to a jury.

2. It was not error to admit the State's exhibit number 1, a photograph of the victim. We have carefully reviewed the record and find no abuse of discretion by the trial court in admitting the photograph into evidence. See *Craft v. State*, 154 Ga. App. 682 (2) (269 SE2d 490) (1980).

3. Rhear contends that his conviction must be reversed because

the court failed to charge the jury specifically that Rhear could not be convicted of both felony murder and armed robbery. "While the court erred in failing to charge that defendant could not be convicted of felony murder and also the underlying felony, the remedy is not a new trial, but a reversal of the conviction of the underlying felony. [Cits.]" *Blankenship v. State*, 247 Ga. 590, 591 (277 SE2d 505) (1981). In the case at bar, Rhear was not convicted of both felony murder and armed robbery, but rather only of armed robbery, the underlying felony. Therefore, there can be no harm in the court's failure to explicitly charge on the principle complained of. In order to constitute reversible error, Rhear must show harm resulting from the error. *Dill v. State*, 222 Ga. 793 (1) (152 SE2d 741) (1966). Nor can we agree with Rhear that the evidence adduced could result only in a conviction for felony murder. The crime of armed robbery was a lesser included offense of the crime of felony murder arising from the same transaction. The jury may convict of the lesser included crime. *Fallings v. State*, 232 Ga. 798 (3) (209 SE2d 151) (1974), and cits.

4. The court did not err in its recharge to the jury. "Where the jury requests further instructions upon a particular phase of the case, the court in his discretion may recharge them in full, or only upon the point or points requested. (T)he court is not bound to repeat all the law favorable to the accused." (Citations and punctuation omitted.) *Williams v. State*, 249 Ga. 6, 9-10 (287 SE2d 31) (1982). Viewing the charge and recharge as a whole, we find no abuse of discretion. Nor did the trial court err in failing to charge on lesser included offenses of armed robbery. See *Shepherd v. State*, 234 Ga. 75 (3) (214 SE2d 535) (1975).

5. We find no abuse of discretion in the trial court's reading to the jury, at their request, statements made by Rhear and others which had been read into evidence. See *Byrd v. State*, 237 Ga. 781 (1) (229 SE2d 631) (1976). Nor was the trial court required to instruct the jury that the statements were for impeachment purposes only. See *Petouvis v. State*, 165 Ga. App. 409 (5) (301 SE2d 483) (1983).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED JUNE 29, 1984.

John E. Sawhill III, for appellant.
Stephen A. Williams, District Attorney, Marcus R. Morris, Steven M. Harrison, Assistant District Attorneys, for appellee.