## 72506. CAMPBELL v. THE STATE.
(351 SE2d 209)

BEASLEY, Judge.

Defendant was charged with the murder of his father and the arson of the house trailer where they lived. He was convicted of voluntary manslaughter and arson.

Carlos Campbell, the victim, was last seen by his sister on Christmas Eve 1984, at about 5:30 p.m. Later that night she telephoned and spoke with him and defendant. She called again on Christmas Day but received no answer. A witness testified that defendant drove him around in the victim's car that day. Defendant checked into a motel the same day; the motel owner described the victim's car and testified that defendant was driving it. The motel registration card, filled in by the owner, listed a license number one digit off of the victim's.

In the early morning hours of December 26, a neighbor saw smoke coming from the trailer. The fire department found the trailer locked and the victim, wrapped in a sheet, lying on a bathroom floor, dead from five gunshot wounds. Spent .22 caliber slugs and live bullets were found around the trailer living room. Defendant's room appeared to have been cleared of his belongings, including personal papers and pictures of his mother. The fire appeared to have been deliberately set.

Defendant was called and informed of the fire and death by a friend. He arrived at the trailer park on foot and was taken for questioning by the police, leaving his jacket with the friend. Another individual testified that defendant's jacket contained small bullets and a

set of keys. These were removed from the jacket by another friend of defendant and were not recovered by the police.

Neighbors had heard the defendant threaten the victim. One had also heard defendant threaten to burn the trailer.

The victim's sister testified that defendant called her from jail on January 25 and stated that he was going to get away with it because they had not found his father's car. The car was located in a parking lot at the Atlanta Airport in April 1985, where it appeared to have been sitting for a long period of time. Inside were a number of defendant's personal belongings, including clothing, pictures, and personal papers, plus a newspaper dated December 24. Neither the victim's .22 caliber pistol, believed to be the murder weapon, nor the keys to the trailer, were ever located.

Defendant denied killing his father, denied threatening him, and denied driving his father's car on Christmas Day. His witnesses described the bad relationship between the victim and his other two sons. One of them, Danny Walker, had returned from Texas before Christmas and was last seen on December 22 but a car driven by him was seen at the trailer on Christmas Eve.

1. The transcript of the charge to the jury reflects the following: "Now, with respect to Count 1 [murder], the court instructs you that you may consider the lesser grade of homicide known as voluntary manslaughter. I instruct you, however, that the defendant's plea of not guilty means and the defendant does not contend that he is not guilty of voluntary manslaughter."

This mistake in the charge was one of the grounds raised by defendant in his motion for new trial. In denying the motion, the trial court held: "[i]t is the Judgment of this Court that the word "not" between the words "does" and "contend" was an error by the reporter; further, it (sic) the reporter be correct, it was lapsus linguae, and from the overall charge, it is obbious (sic) the defendant contended he was not guilty of any offense; the Court, in fact, instructed the jury (T. 429) and again at (T. 435) that defendant contended he was not guilty of any offense."

The above-quoted order refers to a hearing held on the motion for new trial, which addressed the quoted charge, but there is no transcript of the hearing in the record on appeal. Under these circumstances, the trial court has taken the step required by OCGA § 5-6-41 (f) and has made the record "conform to the truth." Thus, we are bound by the trial court's finding in this regard. See *Smith v. State*, 160 Ga. App. 26 (1) (285 SE2d 749) (1981).

Even if the charge were given as reported, however, it would not require reversal. In *Gober v. State*, 247 Ga. 652 (3) (278 SE2d 386) (1981), the trial court erroneously referred to the defendant's plea of "guilty" instead of "not guilty" in the charge. The Supreme Court

found the mistake to be a verbal inaccuracy resulting from a slip of the tongue and determined that the overall charge accurately instructed the jury with regard to the issue of guilt/innocence. See also *Caldwell v. State*, 167 Ga. App. 692 (4) (307 SE2d 511) (1983).

A review of the record here reveals that the charge of the court, taken as a whole, correctly advised the jury of the defendant's assertion of his innocence and the state's burden in overcoming it. On three separate occasions, the court instructed the jury that the defendant contended that he was not guilty and the court specifically told the jury that the plea of not guilty was to any offense that might be included in the murder count.

2. Defendant next contends that the conduct of his trial, taken as a whole, was patently unfair and deprived him of a constitutionally fair trial. Seven instances are alluded to in support. Because this state does not recognize the concept of "cumulative error," it is incumbent upon the defendant to show error with regard to each point he raises. *Veal v. State*, 167 Ga. App. 175 (3d) (306 SE2d 667) (1983); *Sierra v. State*, 155 Ga. App. 198 (270 SE2d 368) (1980).

Only three items which are supported by argument and authority will be addressed. Rule 15 (c) (3) (i). We will do so in this case although we need not, as Rule 15 (c) (2) has also been violated. One may not use a supplemental brief to argue enumerations not argued in the original brief. *Quick v. State*, 166 Ga. App. 492, 493 (1) (304 SE2d 916) (1983).

Refusal to charge the jury that the presumption of innocence is in the nature of evidence was not error. *Conklin v. State*, 254 Ga. 558 (6) (331 SE2d 532) (1985); *Schuh v. State*, 150 Ga. App. 700 (1) (258 SE2d 328) (1979). The charge given by the court concerning the presumption of innocence and the burden on the state was correct. See *Collins v. State*, 145 Ga. App. 346 (3) (243 SE2d 718) (1978).

The court charged on "reasonable doubt" that "neither does it mean a possibility that the defendant may be innocent, but . . . it means a doubt that is founded upon reason." Such a charge is not error. *Connell v. State*, 153 Ga. 151 (2) (111 SE 545) (1922); *Veasley v. State*, 142 Ga. App. 863 (4) (237 SE2d 464) (1977).

The jury asked two questions concerning "reasonable doubt." In response the court recharged the principle. Despite defendant's contention to the contrary, a review of the record does not indicate confusion on the jury's part but only conscientious effort to fulfill their oath. The court did not abuse its discretion in failing to recharge on circumstantial evidence. *Rhear v. State*, 171 Ga. App. 435 (4) (319 SE2d 895) (1984).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

Decided October 20, 1986 —
Rehearing denied November 13, 1986.

*John Matteson*, for appellant.
*Lewis R. Slaton, District Attorney, Tom Jones, Joseph J. Drolet,
Richard E. Hicks, Assistant District Attorneys*, for appellee.