### 74202. CURTIS v. THE STATE.
(357 SE2d 602)

CARLEY, Judge.

Appellant was tried before a jury on an indictment charging him

with two counts of selling cocaine in violation of the Georgia Controlled Substances Act. The jury returned verdicts of guilty. Appellant appeals from the judgments of conviction and sentences entered on the jury's verdicts.

1. The denial of appellant's pre-trial motion to disclose the identity of a confidential informant is enumerated as error. *Ridgeway v. State*, 174 Ga. App. 663, 665 (4) (330 SE2d 916) (1985) is controlling under the evidence of record in this case. There was no error.

2. On the cross-examination of a State's witness, the trial court refused to allow appellant to make inquiry as to the identity of the confidential informant. This ruling is enumerated as error. Since the trial court's pre-trial ruling that the identity of the confidential informant would not be revealed was correct, it necessarily follows that the trial court's refusal to allow appellant to conduct cross-examination as to that topic was not erroneous. "A criminal defendant is entitled to a thorough and sifting cross-examination of the witnesses against him, providing that the subject matter of the inquiry is relevant to the issues at trial. [Cit.]" *Harris v. State*, 173 Ga. App. 787, 788 (1) (328 SE2d 370) (1985). The identity of the confidential informant was not a relevant topic of inquiry.

Appellant's further contention that restrictions placed upon his cross-examination of the State's witness encompassed topics other than the identity of the confidential informant is refuted by the transcript. Appellant was afforded the opportunity to conduct a thorough and sifting cross-examination of the State's witness as to all matters regarding the confidential informant except with respect to the informant's identity. There was no error.

3. Several enumerations of error concern the denials of appellant's motions for mistrial. Appellant initially moved for a mistrial because, on the morning of his trial, he had been led into the courthouse while wearing handcuffs. "[T]he mere fact that a handcuffed defendant is seen by jurors or prospective jurors is not a ground for the automatic grant . . . of a mistrial. [Cits.]" *Carter v. State*, 155 Ga. App. 840, 841 (1) (273 SE2d 417) (1980). We find no error in denying appellant's motion in the case sub judice. See generally *Starr v. State*, 209 Ga. 258, 259 (5a) (71 SE2d 654) (1952). " 'This was a matter which addressed itself to the discretion of the trial court. Such a situation is not ground for mistrial.' [Cits.]" *Howard v. State*, 144 Ga. App. 208, 213 (8) (240 SE2d 908) (1977).

In another instance, an officer who was a witness for the State referred "to having other cases other than this one against [appellant]. . . ." Appellant moved for mistrial, asserting that the witness had made reference to "other crimes" committed by appellant and had therefore put appellant's character into issue. Outside the presence of the jury, the witness explained that his testimony had been

misconstrued by appellant's counsel. The witness did have "other cases" but none of those other cases were against appellant. The trial court then informed appellant's counsel that it would instruct the jury to disregard the testimony and would also allow the witness to explain that there were no "other cases" pending against appellant. Appellant's counsel informed the trial court that he would rely upon the motion for mistrial. When the jury returned, the trial court did give instructions to strike the witness' testimony and to disregard it. The giving of these curative instructions was a sufficient response on the part of the trial court to the incident. If appellant's counsel wished to have the witness clarify his answer and establish that there were no "other cases" pending against appellant, he was free to do so. There was no error in refusing to grant a mistrial. See generally *Gasaway v. State*, 137 Ga. App. 653, 657 (3) (224 SE2d 772) (1976).

In another instance, the trial court denied appellant's motion for mistrial, but instructed the jury to disregard the testimony which had prompted the motion. Appellant did not then renew the motion for mistrial. "[T]he denial of a motion for mistrial is not subject to review where, as here, the motion was not renewed following curative instructions. [Cit.]" *Morgan v. State*, 181 Ga. App. 113 (1) (351 SE2d 517) (1986).

Based upon the asserted "cumulative effect" of the prior instances which had prompted him to move for mistrial during the course of the trial, appellant moved for a mistrial at the close of the evidence. The enumeration as to the denial of this motion raises nothing for appellate review. "Because this state does not recognize the concept of 'cumulative error,' it is incumbent upon the defendant to show error with regard to each point he raises. [Cit.]" *Campbell v. State*, 181 Ga. App. 1, 3 (2) (351 SE2d 209) (1986). Each of the motions for mistrial that appellant made during the course of the trial has been addressed. None was erroneously denied.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED MAY 19, 1987.

*Walter E. Van Heiningen*, for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney*, for appellee.