## A90A1603. STRICKLAND v. THE STATE.
(402 SE2d 532)

BIRDSONG, Presiding Judge.

Curtis Strickland was convicted of aggravated assault and appeals.

The evidence, viewed in the light most favorable to the jury's verdict, was as follows. An altercation occurred among a group of young people after a high school basketball game, culminating in the victim being shot seven times with an automatic rifle by a co-indictee, Kenneth Millsap. The victim testified that while he and Millsap were ar-

guing, appellant said, ". . . man, shoot him." Appellant gave a statement to the police in which he admitted that he twice told Millsap to "bust" the victim. Millsap pled guilty to aggravated assault prior to appellant's trial. After the close of the evidence, defense counsel requested a charge on accident based on testimony that the automatic rifle could have fired when the victim attempted to grab it away from Millsap. The trial court agreed to charge on accident, but also allowed the State to reopen the evidence to admit Millsap's guilty plea in rebuttal of the defense of accident, instructing the jury that the evidence of the guilty plea had no bearing on the guilt or innocence of the defendant and was "admitted only for the limited purpose of giving you additional information on the defense of accident." *Held*:

1. Appellant complains that the trial court erred in failing to give his requested charge on the lesser included offense of simple assault. However, " '[s]imple assault is not a lesser included offense of an aggravated assault in which a gun or a knife is alleged to have been used as a deadly weapon. [Cits.]' [Cit.] We find appellant's argument to be without merit." *Sexton v. State*, 189 Ga. App. 331, 332-333 (3) (375 SE2d 661).

2. The trial court defined the offenses of aggravated assault and reckless conduct to the jury, following the charges on each crime with instructions on the burden of proof and reasonable doubt. The court then charged the jury that if they believed beyond a reasonable doubt that the defendant was guilty of aggravated assault it was their duty to convict him; that if they were not convinced beyond a reasonable doubt, or if there was a reasonable doubt in their minds as to his guilt of aggravated assault but they were convinced beyond a reasonable doubt that he was guilty of the lesser included offense of reckless conduct, then it was their duty to convict him of that offense; and that, "on the other hand, if you do not believe beyond a reasonable doubt, or if there is a reasonable doubt on your minds as to the guilt of the defendant, as to both of these offenses, then it would be your duty to give him the benefit of that doubt and to acquit him."

Appellant contends that the quoted portion of the charge was an incorrect statement of the law which misled the jury to think they must have reasonable doubt as to both aggravated assault and reckless conduct in order to acquit him of either crime. Considering the charge as a whole, we do not agree. " ' "Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence." ' [Cit.] We do not believe that the recharge in this case would mislead a jury of average intelligence, and we find no error." *Taylor v. State*, 195 Ga. App. 314, 315 (1) (393 SE2d 690).

3. The trial court recharged the jury, upon request, on the law of aggravated assault and reckless conduct and, over appellant's objection, also charged that a gun is per se a deadly weapon. Appellant argues that this was prejudicial error. We find no grounds for reversal. This instruction was properly given to aid the jury in understanding the crime, as "a gun is a deadly weapon, and assault with a deadly weapon constitutes aggravated assault, a felony. OCGA § 16-5-21. . . ." *Richardson v. State*, 250 Ga. 506, 508 (3) (299 SE2d 715). See also *Petouvis v. State*, 165 Ga. App. 409 (301 SE2d 483).

4. Appellant contends that Millsap's guilty plea was erroneously admitted because use of the guilty plea of a non-testifying co-indictee as substantive evidence against the defendant is prohibited by OCGA § 24-3-52. However, this court has rejected a rule of absolute inadmissibility and adopted instead a "balancing test" to allow such evidence in cases " 'when its use is limited to proper evidentiary purposes such as to impeach trial testimony or to reflect on a witness' credibility. [Cit.]' [Cit.]" *Foster v. State*, 178 Ga. App. 478, 479 (1) (343 SE2d 745). In the instant case, evidence of Millsap's guilty plea was admitted only to impeach the testimony of some defense witnesses that the co-indictee could have shot the victim accidentally, rather than intentionally. It also corroborated the testimony of the victim that he had been intentionally shot. The trial court properly instructed the jury that this evidence was not admitted as proof of appellant's guilt, but only to rebut the defense of accident. "The jury having been apprised that the evidence was not relevant as to appellant's guilt but only as to the [issue of the defense of accident], there was no error. [Cit.]" Id. at 480-481. See also *Greer v. State*, 188 Ga. App. 808 (1) (374 SE2d 337).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 13, 1991.

*William I. Sykes, Jr.*, for appellant.
*C. Andrew Fuller, District Attorney, Leonard C. Parks, Jr., Assistant District Attorney*, for appellee.