## 4885. SMITH v. THE STATE.

HILL, C. J. 1. There was no abuse of discretion in refusing to grant a continuance on the ground of the absence of a witness whose evidence was wanted by the accused to attack the credibility of one of the State's witnesses, especially since the verdict did not depend alone upon the testimony of the witness whom the accused sought to impeach.

2. It has been repeatedly held that, in the absence of a timely request, failure of the trial judge to charge on the subject of impeachment of witnesses is not reversible error. *Perdue* v. *State*, 135 *Ga.* 278 (69 S. E. 184); *Jackson* v. *State*, 135 *Ga.* 685 (70 S. E. 245); *Hunt* v. *State*, 8 *Ga. App.* 378 (69 S. E. 42).

3. The charge of the trial court on the prisoner's statement was substantially in the language of the statute (Penal Code, § 1036).

4. The definition of the term "reasonable doubt," while not apt or necessary, could not possibly have misled or confused the jury as to the meaning of the term.

5. No error of law appears, and the evidence supports the verdict.

*Judgment affirmed.*

DECIDED JUNE 25, 1913.

Indictment for sale of liquor; from Johnson superior court— Judge Hawkins. March 18, 1913.

*B. B. Blount,* for plaintiff in error.

*E. L. Stephens,* solicitor-general, contra.