## 62403. CAMPBELL v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was convicted of two counts of violating the Georgia Controlled Substances Act (Code Ann. Ch. 79A-8, Ga. L. 1974, p. 221 et seq.). On appeal, he asserts that the trial court erred in overruling his motions for a mistrial and a directed verdict, and in failing to charge the jury on entrapment.

1. In his opening statement to the jury, the assistant district attorney referred to the defendant as "Eddie Campbell, also known as 'Grass Man.' " Appellant moved for a mistrial, maintaining that the state had impermissibly placed the defendant's character in issue. We disagree. "Since the prosecution in its opening statement is permitted to state what it intends to prove and subsequently presented evidence to prove same, the statements of counsel did not require a reprimand or mistrial." *Pinion v. State,* 225 Ga. 36 (5) (165 SE2d 708). While the remark may have been prejudicial to the defendant, it was relevant since one of the undercover agents testified that "Grass Man" was the alias by which they knew the defendant during their investigation. "Relevant evidence is admissible even though it may reflect on the character of the accused. [Cit.]" *Pittman v. State,* 245 Ga. 453, 457 (265 SE2d 592). The trial court did not err in refusing to grant a mistrial.

2. Appellant next urges that since the state did not rebut the defendant's testimony that he was entrapped, the trial court erroneously denied his motion for a directed verdict. "Entrapment exists where the idea and intention of the commission of the crime originated with a government officer or employee, or with an agent of either, and he, by undue persuasion, incitement, or deceitful means, induced the accused to commit the act which the accused would not have committed except for the conduct of such officer." Code Ann. § 26-905. Appellant maintains that his conduct was induced by Mrs. Bitty, the woman who led the undercover agents to appellant after they approached her in search of drugs. He testified that he believed Mrs. Bitty was working for the police and that he sold the marijuana to the undercover officers at Mrs. Bitty's direction and in an effort to help her investigation. Both of the undercover agents, as well as the sheriff, testified that Mrs. Bitty was not working on behalf of law enforcement officials. Appellant's testimony that he believed that Mrs. Bitty was a government informer or agent did not establish that element of the entrapment defense since there was no factual support whatsoever offered for appellant's belief. Inasmuch as defendant did not show that his actions were induced by a government officer, employee, or agent thereof, he did not establish an entrapment

defense as a matter of law. Thus, there was no need for the state to present rebuttal testimony, and the denial of appellant's motion for a directed verdict was not error. Compare *Hughes v. State,* 152 Ga. App. 80 (262 SE2d 245); *Coleman v. State,* 141 Ga. App. 193 (2) (233 SE2d 42).

3. Finally, appellant maintains that the trial court's failure to charge the jury on entrapment was error since it was appellant's sole defense. Failure to give a charge on a defendant's sole defense is error. *Gray v. State,* 158 Ga. App. 582 (281 SE2d 328); *Henderson v. State,* 141 Ga. App. 430 (233 SE2d 505). However, "[i]n order to raise the defense of entrapment a defendant must admit the commission of the crime; but that he did so because of the unlawful solicitation or inducement of a law enforcement agent." *Griffin v. State,* 154 Ga. App. 261 (3) (267 SE2d 867). The trial court did not err by omitting a charge on entrapment since there was no evidence that a government agent unlawfully induced appellant to sell the marijuana.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED NOVEMBER 5, 1981 —
REHEARING DENIED DECEMBER 2, 1981 — 

*William G. Posey,* for appellant.
*William A. Foster III, District Attorney,* for appellee.