## 72738. RODRIGUEZ v. THE STATE.
(349 SE2d 22)

SOGNIER, Judge.

Appellant was convicted at a bench trial of trafficking in cocaine by possessing and selling 167.2 grams of a mixture containing cocaine, and he appeals.

1. Appellant contends the evidence is not sufficient to support the verdict. The evidence disclosed that GBI agents, acting on information received from a tipster, entered into negotiations with appellant to purchase six ounces of cocaine for $10,200. On the night of April 5, 1984 appellant met an agent in a parking lot and gave him six ounces of cocaine. A second agent, who had the money for the purchase, joined them in the parking lot, at which time appellant was arrested. After being advised fully of his *Miranda* rights, appellant stated that he was not a big dealer, but had "done the deal" because he needed the money to open a furniture store and a bar.

We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends the trial court erred by allowing testimony, over objection, concerning a crime laboratory report, because the State did not provide a copy of the report to appellant pursuant to his written request at least ten days prior to trial, as required by OCGA § 17-7-211.

At a hearing on this issue the State introduced a copy of a certificate of service, signed by an assistant district attorney, indicating that service of the report was made on appellant's counsel on October 8, 1984. Trial commenced on December 3, 1984. The assistant district attorney who signed the statement also stated on the record that it was his normal practice to go through each file for requests, obtain the documents requested, prepare a certificate of service with the documents attached, and place them in a basket in his office, where a person from the clerk's office would pick them up and mail them. Evidence was also presented that during this period of time, appellant's counsel moved his office location and changed telephone numbers, and attempts to contact him had been unsuccessful. A copy of the laboratory report was received by counsel for appellant's co-defendant sometime in October 1984.

Proof of service may be made by certificate of service of an attorney *or other proof satisfactory to the court*, and when an attorney executes a certificate of service, it shall be prima facie proof of such

service. OCGA § 17-1-1 (e) (1) and (2). See also *Epps v. State*, 169 Ga. App. 157, 158-159 (2) (312 SE2d 146) (1983). The evidence presented at the hearing was sufficient to warrant the court's finding that a copy of the laboratory report had been provided appellant. Hence, it was not error to deny appellant's motion to exclude testimony about the report.

3. Appellant contends error in denial of his motion to reveal the identity of the informant in this case. Evidence on this motion disclosed that the informant was a tipster who called the GBI and stated that he had some information about people dealing in drugs, and he felt it was his duty to report it and get some drugs off the street. The informant was referred to the agent involved in this case, and told the agent that appellant and a co-defendant were involved in selling cocaine. The informant, who had never dealt with the GBI before, arranged a meeting between the agent and appellant at which arrangements for the sale involved in this case were made. The informant was not present and did not participate in the actual sale.

Our appellate courts have held that if the State proves that an informant is a "pure tipster," who has neither participated in nor witnessed the offense, any evidence he might offer would be hearsay and inadmissible. *Thornton v. State*, 238 Ga. 160, 165 (2) (231 SE2d 729) (1977); *Grimes v. State*, 168 Ga. App. 372, 376 (5) (308 SE2d 863) (1983). In the instant case the agent had never met the informant before and he was not present when appellant sold cocaine to the agent. Thus, the informant was a tipster who possessed no evidence material to a determination of whether or not appellant sold cocaine to the agent on the night in question. Accordingly, the trial court did not err in denying appellant's motion to require disclosure of the informant's identity. *Grimes*, supra.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 12, 1986.

*Charles C. Clay*, for appellant.

*Robert E. Wilson*, District Attorney, *Susan Brooks, Linda W. Hunter*, Assistant District Attorneys, for appellee.