## A90A0678. BOATRIGHT v. THE STATE.

(393 SE2d 707)

DEEN, Presiding Judge.

The appellant, Franklin Boatright, was convicted of two counts of selling cocaine, one count of trafficking in cocaine, and one count of criminal attempt to violate the Georgia Controlled Substances Act. All of the sales and the attempted sale were made to an undercover special agent with the GBI.

On July 28, 1988, Boatright was introduced to the undercover agent by an individual known to Boatright as Joe Smith, who was a confidential informant for the GBI. Smith had accompanied the agent to Boatright's house, and had obtained from Boatright one-half ounce of cocaine in exchange for $600. Smith had been searched by GBI agents for any drugs prior to the transaction with Boatright. The following day, the GBI agent had the informant telephone Boatright to set up another meeting between Boatright and the agent, and then took the informant to the bus station, where he caught a bus to Wisconsin. This informant was not present at trial, and the State would not reveal his identity.

Later that day, Boatright met with the undercover agent alone and sold her another one-half ounce of cocaine for $600. The agent tape-recorded the entire transaction. Boatright gave the agent instructions on how to call him at home to order more cocaine. On August 10, 1988, the agent contacted Boatright and purchased another one and one-half ounces of cocaine for $1,800. On August 23, 1988, the agent contacted Boatright and placed an order for 8 ounces of cocaine, which Boatright was to deliver to her at a fastfood restaurant in a neighboring county. Boatright met the agent as arranged but told her he had hidden the cocaine. Boatright then led her to a churchyard back across the county line, where other agents converged on the scene and arrested him. At trial, Boatright admitted to having made the sales, but claimed that he was merely acting as a "middleman" for Joe Smith, in exchange for one-half of the sales proceeds. *Held*:

1. Boatright contends that the trial court erred in refusing to require the State to disclose the identity of and produce the confidential informant. This court has held in a number of recent cases that disclosure of the identity of a confidential informant was mandated where the informant was a witness or participant whose testimony would be the only testimony available to amplify or contradict that of the police officer or the defendant. *Moore v. State*, 187 Ga. App. 387 (370 SE2d 511) (1988); *Ponder v. State*, 191 Ga. App. 346 (381 SE2d 534) (1989); *Jones v. State*, 192 Ga. App. 186 (384 SE2d 273) (1989). Boatright, however, fails the balancing test in the instant case, because even if the testimony of the informant had been made available and corroborated Boatright's explanation, it would not have excul-

pated Boatright. By his own admission, Boatright acted at least as a "middleman" in the string of drug sales, motivated by a need for money to pay medical bills for his cancer-stricken wife. The record clearly demonstrates no harm in the non-disclosure of the informant's identity.

2. The prosecutor asked one of the arresting GBI agents whether Boatright had chosen not to make any statement during questioning. Defense counsel objected immediately; the trial court sustained the objection; and that was the end of it until the following day when defense counsel moved for mistrial after the State rested. Under these circumstances, the motion for mistrial was untimely, and thus properly denied. *Franks v. State*, 188 Ga. App. 263 (372 SE2d 831) (1988).

3. Although Boatright testified freely that as a result of his conversations with Joe Smith, he agreed to be Smith's "middleman" for drug transactions, the trial court would not allow Boatright to recount the exact conversations he had with Smith. Boatright's contention that these specific conversations were admissible as part of the res gestae is without merit. Concerning his contention that the conversations were admissible under OCGA § 24-3-2 to explain Boatright's conduct or motive, since Boatright's admitted motive was to make money, the exclusion of the testimony about his conversations with Joe Smith could not have been harmful in any event.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 12, 1990 —
REHEARING DENIED APRIL 24, 1990 — ▮▮▮▮▮▮▮

*Kenneth E. Futch, Jr.*, for appellant.
*Harry D. Dixon, Jr., District Attorney, George E. Barnhill, Assistant District Attorney*, for appellee.