## A91A0773. WILLIAMS v. THE STATE.
(411 SE2d 316)

POPE, Judge.
Defendant Michael W. Williams appeals his conviction for selling cocaine. This case arises from the alleged sale of cocaine to an undercover Chatham County police officer. The officer to whom the drugs

were allegedly sold testified that on the night of July 5, 1989, he was working undercover when he was waved down by Bobby V. Weathers, who was originally a co-defendant, who asked him what he needed. When the officer responded that he was looking for a 20, referring to $20 worth of cocaine, Weathers told him to pull over. The officer parked his automobile almost directly across from a red Chevrolet, in which the defendant was seated. Weathers talked to the defendant and returned to the officer and asked "are you the man," that is, are you a police officer, which the officer denied. The defendant was then waved over to the officer's car by Weathers, and the defendant looked at the officer and said "[t]hat's the man," at which point he backed away from the officer's car. The officer again assured Weathers that he was not "the man." Weathers obtained an object from the defendant. After further deliberations, Weathers told the officer he would lay the object on the curb and the officer could put his money down beside it. The officer testified he laid down a $20 bill, the serial number of which had been recorded for later identification, and took the object, which was later determined to be cocaine. The officer left the scene and the "take down" team moved into the area and arrested the defendant and Weathers. The officer who arrested the defendant testified the defendant had $1,100 in his left front pocket, including the $20 bill the first officer had left in exchange for the cocaine.

1. The evidence in this case is sufficient to enable any rational trier of fact to find defendant guilty of the offense charged beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Defendant argues that the charge given by the trial court with regard to possession was misleading and would likely lead the jury to believe that they could convict defendant of the sale of cocaine upon a showing of simple possession. " 'It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error. (Cits.)' *Williams v. State*, 249 Ga. 822, 825 (3) (295 SE2d 293) (1982)." *Marshall v. State*, 197 Ga. App. 762, 763 (399 SE2d 555) (1990). While the better practice in this case would have been for the trial court to clarify its instruction to the jury upon defense counsel's urging for a corrective or curative instruction, it is clear when the charge is considered as a whole that the defendant was charged with the sale of cocaine and the State had the burden of proving he sold cocaine beyond a reasonable doubt.

To the extent defendant argues the trial court also erred by not charging the jury on the lesser included offense of possession of cocaine, we find that contention to be without merit. The law is well-settled in this state that the trial judge "in his discretion, [may] charge on a lesser crime of that included in the indictment or accusa-

tion. However, his failure to do so, without a written request by the state or the accused, is not error." *State v. Stonaker*, 236 Ga. 1, 2 (2) (222 SE2d 354), cert. denied, 429 U. S. 833 (97 SC 98, 50 LE2d 98) (1976). The defendant did not submit a written request to charge on any lesser included crime. Accordingly, the trial court's failure to charge on possession of cocaine does not constitute reversible error in this case. See *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550) (1990).

3. Defendant next contends the trial court erred by refusing to grant the defendant's motion for a continuance based upon the failure of the State to comply with the mandate of OCGA § 17-7-211 and supply him with a copy of scientific reports identifying the substance defendant was charged with selling. Defendant claims that at trial his counsel moved for acquittal or alternatively for a continuance. The trial court denied that motion. In its order denying defendant's motion for new trial, the trial court held that the defendant did not move for a continuance and for that reason its failure to grant one to defendant was not error. A review of the record reveals that after moving for acquittal, defense counsel stated: "In the alternative, if the Court doesn't see fit to grant that motion and exclude the evidence, I think clearly under the statute that we are entitled to ten days prior to trial to receive the notice which the Court saw us get yesterday." Although defendant's request could have been clearer, we find that statement is sufficient to constitute a request for a continuance.

The question remains whether the trial court committed reversible error by denying the defendant's motion for continuance and by allowing the crime lab report and testimony relating thereto to be admitted at trial. Error must be shown to be harmful before it will be deemed to be reversible error. *Rutledge v. State*, 152 Ga. App. 755 (1) (a) (264 SE2d 244) (1979). Defendant filed a motion seeking a copy of all scientific tests on December 10, 1989. On February 9, 1990, a certificate of service was filed by the State in which the State certifies that a copy of the indictment, the crime lab reports in question, and all *Brady* material were mailed to defendant on that same day. The trial of this case began on August 29, 1990. Defense counsel stated that he did not receive a copy of the crime lab reports until the day trial began.

OCGA § 17-7-211 provides in pertinent part: "(b) In all criminal trials, felony and misdemeanor, the defendant shall be entitled to have a complete copy of any written scientific reports in the possession of the prosecution which will be introduced in whole or in part against the defendant by the prosecution in its case-in-chief or in rebuttal. . . . If the scientific report is in the possession of or available to the prosecuting attorney, he must comply with this Code section at

least ten days prior to the trial of the case. (c) Failure by the prosecution to furnish the defendant with a copy of any written scientific report, when a proper and timely written demand has been made by the defendant, shall result in such report being excluded and suppressed from evidence in the prosecution's case-in-chief or in rebuttal." (Indentions omitted.)

In *Rodriguez v. State*, 180 Ga. App. 272 (2) (349 SE2d 22) (1986), this court had an opportunity to rule upon a case involving a factual situation similar to the one presented by this case. In that case the defendant contended that the trial court had erred in allowing testimony concerning a crime lab report because that report had not been provided to defendant as required by OCGA § 17-7-211. The record in that case contained a certificate of service by the assistant district attorney indicating that service of the report had been made on defendant's counsel on October 8, 1984. The trial in that case commenced on December 3, 1984. Id. at 272 (2). We held that "[p]roof of service may be made by certificate of service of an attorney or other proof satisfactory to the court, and when an attorney executes a certificate of service, it shall be prima facie proof of such service. OCGA § 17-1-1 (e) (1) and (2). See also *Epps v. State*, 169 Ga. App. 157, 158-159 (2) (312 SE2d 146) (1983)." (Emphasis omitted.) Id. at 272-273. In this case, as in *Rodriguez*, the assistant district attorney's certificate of service establishes prima facie proof that a scientific report was furnished. Furthermore, because defense counsel stated that he had seen the crime lab reports when he was invited to review the State's file in this case, there was no resulting surprise or prejudice to defendant from the introduction of this evidence. Hence, the trial court did not commit reversible error by denying defendant's motion for a continuance and allowing the crime reports and testimony concerning those reports to be admitted at trial. See *Driver v. State*, 188 Ga. App. 301 (2) (372 SE2d 841) (1988) (holding that the State's duty to furnish defendants with a copy of the indictment or accusation and a list of the witnesses against him as mandated by OCGA § 17-7-110 is satisfied when the defendant is served by any method prescribed by OCGA §. 17-1-1); cf. *Pridgett v. State*, 173 Ga. App. 409, 410 (326 SE2d 581) (1985) (Beasley, J., concurring specially).

4. The defendant's contention that the trial court erred in admitting a photostatic copy of the $20 bill allegedly used in the commission of the crime into evidence is without merit.

5. Defendant cites no authority for his position that the trial court erred by refusing to instruct the jury that they should not consider the absence of Weathers, who was originally a co-defendant. The record shows Weathers and his counsel were present during the jury selection process, but before trial began, Weathers pleaded guilty. We hold that the lack of an instruction concerning the absence

of Weathers at trial in this case does not constitute reversible error.

6. Defendant argues the trial court erred in allowing the State to question a character witness for defendant regarding a pending indictment of the defendant for armed robbery. In *State v. Clark*, 258 Ga. 464 (369 SE2d 900) (1988), the Georgia Supreme Court delineated the boundaries to be observed by district attorneys when cross-examining a defendant's character witnesses. It held: "A district attorney must be able to show that the questions posed to the defendant's character witness were asked in good faith and based on reliable information that can be supported by admissible evidence." Id. In *Clark*, the district attorney questioned the character witness concerning information taken from reports submitted by his office investigator but did not have certified copies of the defendant's record or witnesses who could testify concerning the defendant's alleged acts. *Clark v. State*, 186 Ga. App. 106, 110 (366 SE2d 361) (1988). In this case, however, the State presented a certified copy of the defendant's indictment to show that its inquiry would be based on reliable information. Therefore, the trial court did not err in allowing the prosecutor to cross-examine the defendant's character witness concerning her knowledge of whether the defendant had been charged with armed robbery. See *Nassar v. State*, 253 Ga. 35, 36 (4) (315 SE2d 903) (1984).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 19, 1991 —
RECONSIDERATION DENIED OCTOBER 1, 1991.

*Calhoun & Associates, John R. Calhoun, James C. Metts III*, for appellant.

*Spencer Lawton, Jr.*, District Attorney, *John T. Garcia*, Assistant District Attorney, for appellee.