## A93A0568. SIMMONS v. THE STATE.
(431 SE2d 721)

BLACKBURN, Judge.

On February 24, 1991, the appellant, William H. Simmons, was arrested in a laundromat parking lot, at which time 17 baggies containing marijuana were found hidden under the driver's seat of his car. The arrest resulted from information provided by a confidential informant who contacted the arresting officer by his beeper number earlier that afternoon. Simmons subsequently was convicted of possession of marijuana with intent to distribute in violation of the Georgia Controlled Substances Act.

At the trial, Simmons admitted to possessing the marijuana with the intention of selling it, but claimed that he had been persuaded to

peddle the contraband by his wife (with whom he had recently reconciled), who needed quick money to pay fines for charges against her for writing bad checks. The day before his arrest, he had picked up a quarter pound bag of marijuana from a friend, and then had divided it up into 16 baggies to sell.

On the day of his arrest, after he had returned home from work, Simmons and his wife decided to go to a laundromat to do their laundry. They went in separate vehicles so that he could drop off the marijuana at a lake cottage for safekeeping. When his wife arrived at the laundromat a few minutes after Simmons, she made a telephone call and supposedly arranged a sale of marijuana. Simmons then went back to the cottage to retrieve the marijuana, and upon his return to the laundromat he was met by the arresting officer. No one else was at the scene, except for Simmons' wife who waited inside the laundromat. Concerning the question of his predisposition to sell marijuana, Simmons denied any use of marijuana for approximately one-and-one-half years prior to his arrest, and stated that he had never been arrested for, charged with, or convicted of any offense involving a controlled substance. The arresting officer acknowledged that he had never heard of Simmons or his wife prior to this incident.

The friend who had supplied the marijuana testified on Simmons' behalf, and corroborated his claim that he had not used marijuana for over a year. This friend also testified that the day after Simmons' arrest, his wife had paid her for the marijuana Simmons had picked up, and had purchased another quarter pound of marijuana; a few days later, this supplier had been arrested. A special agent with the Georgia Bureau of Investigation, who applied for the warrant to search the supplier's residence, testified that he had been under the impression that the "wired" informant who had participated in a tape-recorded transaction with the supplier had also provided the information that led to Simmons' arrest.

On appeal, Simmons contends that the trial court erred in not requiring disclosure of the confidential informant who tipped the arresting officer about his possession of the marijuana; that the trial court erred in failing to direct a verdict of acquittal based upon Simmons' unrebutted entrapment defense; and that the trial court erred in denying his motion for new trial based upon newly discovered evidence of the identity of the confidential informant.

1. At the hearing on the motion to disclose the identity of the confidential informant, Simmons attempted to establish that the informant was his wife, on the grounds that such a revelation would be critical to his asserted defense of entrapment. Counsel for Simmons also theorized that Simmons' wife had acted as a wired informant for the police when she purchased more marijuana from the supplier the day after Simmons' arrest.

However, during the hearing, the arresting officer testified that Simmons' wife was not the informant. Further, the officer emphasized that the actual informant had merely contacted him by telephone to tip him about Simmons' drug activity. Although it denied the disclosure of the informant's identity, the trial court agreed to make an in camera inspection of the state's file in Simmons' case along with the state's file in the case against the suppliers of the marijuana, including listening to a tape of a sale of marijuana transaction with the supplier. In a subsequent hearing held the day before Simmons' trial, however, the trial court found nothing exculpatory in the two files, and indicated that the identity of the informant was not revealed on the tape of the drug transaction involving the supplier.

Simmons contends that even if his wife was not the confidential informant, she must have been acting in concert with the actual informant, who may have been connected with the police. Simmons asserts that the informant's identity thus would be material to his entrapment defense.

"Public policy in Georgia favors nondisclosure of the identity of an informant in the interest of the free flow of information about criminal activity. [Cit.]" *Grimes v. State,* 168 Ga. App. 372, 376 (5) (308 SE2d 863) (1983). The identity of a mere tipster is privileged, but where the informer is a witness or participant, or has entrapped a defendant into committing a crime, disclosure could be material to the defense. *State v. Royal,* 247 Ga. 309, 312 (275 SE2d 646) (1983); *Thornton v. State,* 238 Ga. 160 (2) (231 SE2d 729) (1977). This court has held numerous times that disclosure of an informant's identity was required where the informant was a witness or participant whose testimony would be the only testimony available to amplify or contradict that of the police officer or the defendant. See *Boatright v. State,* 195 Ga. App. 440 (1) (393 SE2d 707) (1990).

In the instant case, it is uncontroverted that the informant was not a witness to or participant in the criminal activity for which Simmons was arrested. The arresting officer also indicated during the hearing that the actual informant had not acted as an agent of the police in gathering the information that led to Simmons' arrest. The only possible basis for not applying the "mere tipster" rule thus would be to accept Simmons' theory that even if his wife had not been the actual informant, she had acted as an agent of the informant, who in turn was an agent of the police, despite the lack of any factual support for such a theory.

One context for requiring disclosure of a confidential informant's identity is the general requirement to disclose evidence favorable to a defendant if the evidence is material to guilt or innocence, under *Brady v. Maryland,* 373 U. S. 83, 87 (83 SC 1194, 10 LE2d 215) (1962). *Thornton v. State,* supra at 163. However, with regard to

*Brady* matters, a defendant has the burden of showing the materiality and favorable nature of the material sought, and "[m]ere speculation that there may be exculpatory information is insufficient." *Hayes v. State*, 182 Ga. App. 319, 320-321 (3) (355 SE2d 700) (1987). Inasmuch as Simmons' theory regarding his wife's indirect involvement as a government agent had no factual basis and was, in fact, contradicted by the testimony of the arresting officer, the trial court properly denied Simmons' motion to disclose the identity of the confidential informant.

2. Alleging a post-trial revelation by the arresting officer that the informant had been the boyfriend of Simmons' wife, Simmons moved for new trial based upon newly discovered evidence regarding the identity of the confidential informant. Although no evidence of the matter was actually adduced, the trial court denied the motion after hearing Simmons' offer of proof concerning the evidence.

In moving for a new trial based on newly discovered evidence, the movant must show " '(1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness.' [Cits.] All six requirements must be complied with to secure a new trial." *Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792) (1980).

Assuming arguendo the existence of the other requirements delineated in *Timberlake*, we reject Simmons' contention that the discovery of his wife's boyfriend as the confidential informant would establish the defense of entrapment by a government agent and thus was so material that it would probably produce a different verdict. During the hearing on the motion to disclose the identity of the informant, the arresting officer made it clear that prior to Simmons' arrest, there had been no investigation regarding Simmons, and that he had never heard of either Simmons or his wife. The officer further stated unequivocally that, although the confidential informant had provided reliable information in the past, the informant merely called in from time-to-time with tips and did not "manufacture" cases for the police. It having been established during this hearing that the informant had not acted as agent for the police, the identity of the informant would not have advanced Simmons' asserted entrapment defense.

3. Simmons also contends that he was entitled to a directed verdict of acquittal based on his unrebutted defense of entrapment. Under OCGA § 16-3-25, "[e]ntrapment exists where the idea and in-

tention of the commission of the crime originated with a government officer or employee, or with an agent of either, and he, by undue persuasion, incitement, or deceitful means, induced the accused to commit the act which the accused would not have committed except for the conduct of such officer." A distinction must be made between evidence which raises a defense of entrapment and warrants a jury charge on the issue, and evidence which demands a finding of entrapment. *State v. Royal*, supra at 310.

In the instant case, even though it had been established during the pre-trial hearing that his wife was not the confidential informant, Simmons attempted to suggest that his wife had persuaded him to sell the marijuana and had provided the information which ultimately reached the police who arrested him. However, there was no evidence whatsoever that Simmons' wife, either directly or indirectly, had acted as an agent of the government in persuading Simmons to commit the crime. Considering the fact that entrapment constituted Simmons' sole defense, the evidence may have authorized a jury charge on the issue, but it certainly did not demand a directed verdict of acquittal. Because Simmons presented only a theory, and not a factual showing, that a government agent had induced Simmons' actions, it was not necessary for the state to present rebuttal evidence to avoid a directed verdict of acquittal. *Campbell v. State*, 160 Ga. App. 561 (2) (287 SE2d 591) (1981).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MAY 25, 1993.

*J. Richard Neville*, for appellant.
*Garry T. Moss, District Attorney, Charles D. Gafnea, Assistant District Attorney*, for appellee.