## A03A2270. BELL v. THE STATE.
### (593 SE2d 935)

SMITH, Chief Judge.

Claude Bell was indicted by a Fayette County grand jury for attempted armed robbery, kidnapping, possession of a firearm during commission of a crime, possession of a firearm by a convicted felon, and burglary. A jury acquitted Bell of kidnapping but found him guilty of attempted armed robbery, possession of a firearm during commission of a crime, and burglary. The remaining charge was nolle prossed by the State. Bell's motion for new trial was disposed of by consent with leave to appeal, and he appeals, asserting as his sole enumeration of error that the trial court erred in granting the State's motion in limine. Finding no error, we affirm.

Both parties filed pretrial motions in limine. Bell contended the victim's identification of him as one of the perpetrators was based solely on rumors concerning his involvement in robberies and home invasions. He moved to exclude the victim's identification testimony, contending she had insufficient knowledge to identify him as one of the masked assailants based on "his movements and voice." The State's motion sought to exclude the victim's testimony in an earlier criminal trial in which her husband was convicted of drug offenses.

At the pretrial motions hearing, the trial court partially granted the State's motion with respect to the husband's criminal activities or conviction, observing that such evidence was irrelevant and inadmissible unless the husband testified and Bell impeached him with a certified copy of the conviction. Bell's counsel argued that he needed to obtain testimony regarding the circumstances of the husband's criminal case to challenge the victim's identification of Bell by showing that the victim "had no access or no reason to see my client or get to know him or any other characteristics for the four month period between the time her husband went to prison and the time that the . . . alleged incident occurred." The trial court instructed Bell that he was permitted to ask the victim "about how she got to know [Bell], you certainly have the right to do that; how long she'd known him; under what circumstances" in order to "set up a time period . . . just as long as you stay out of the criminal activity."

Although Bell had not filed a motion to suppress with respect to identification, the trial court allowed him a pretrial hearing on this issue. During the hearing, Bell vigorously cross-examined the victim regarding the reliability of her identification. The trial court ruled

that there was no likelihood of irreparable misidentification and admitted the identification testimony. At trial, Bell again cross-examined the victim regarding her lack of opportunity to see Bell several months before the incident, and he also cross-examined her with regard to discrepancies between her trial testimony and her testimony during the pretrial hearing.

Bell argues that he should have been able to examine the victim with regard to her husband's criminal activity because she might have been a participant in the criminal conduct and therefore "her credibility would have to be tested against her criminal conduct." This sheer speculation ignores the longstanding rule that

> [s]pecific instances of misconduct may not be used to impeach a witness's character or credibility, unless the misconduct has resulted in conviction of such a crime. A mere indictment or a charge or an arrest or a trial and acquittal are not legal methods of impeachment. The proper method of proving the conviction is by introducing a certified copy.

(Citations and punctuation omitted.) *Smith v. State*, 222 Ga. App. 366, 369-370 (4) (474 SE2d 272) (1996). "[T]he extent of cross-examination can be curtailed if the inquiry is not relevant or material, and such restriction lies within the discretion of the trial court which will not be disturbed on appeal unless manifestly abused." (Citation and punctuation omitted.) *Stevens v. State*, 213 Ga. App. 293, 294 (2) (444 SE2d 840) (1994). The trial court did not abuse its discretion in limiting Bell's cross-examination of the victim to exclude evidence of mere allegations of misconduct based on the conviction of her husband, who did not testify.

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 3, 2004.

*Lloyd W. Walker*, for appellant.
*William T. McBroom III, District Attorney, James E. Hardin, Assistant District Attorney*, for appellee.