A07A2419. JONES v. THE STATE.

(658 SE2d 386)

PHIPPS, Judge.

On this appeal from his conviction for possession of marijuana with intent to distribute and other crimes, Bruce Timothy Jones argues that the evidence was insufficient, that the trial court erred when it refused to order the disclosure of a confidential informant's identity and when it denied Jones's motion to suppress, that the presence of two convicted felons on the jury deprived him of due process, and that trial counsel was ineffective. We find no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer

enjoying a presumption of innocence.[1] We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

So viewed, the record shows that a police detective received information from a confidential informant that within the previous 48 hours, the informant had seen Jones inside 109 W. 41st Street with a "quantity" of marijuana. The informant had been known to the detective for seven to ten years; had provided information to him and other officers in roughly eighty cases, many of which resulted in arrests; and had never given false information. The detective obtained a photograph of Jones and showed it to the informant, who identified Jones as the person he had seen in possession of the marijuana.

The detective used utility records to identify the address as Jones's residence, surveilled it for approximately two weeks, and saw people enter with nothing in their hands and then leave carrying plastic or paper bags. On September 2, 2004, a search warrant was obtained and a search conducted. Jones, who sat at the kitchen table during the search, told the detective that everything in the residence belonged to him. In Jones's bedroom, police found approximately four pounds of marijuana, two digital scales, and two pistols and ammunition. Jones also had over $6,700 in cash in his pocket.

After his motion to suppress was denied, a jury found Jones guilty of possession of more than one ounce of marijuana and possession of marijuana with intent to distribute (Counts 1 and 2), possession of a firearm during the commission of a crime (Counts 3 and 4), and possession of tools for the commission of a crime (Count 5). His motion for new trial was later denied.

1. The evidence outlined above was sufficient to sustain Jones's convictions.[3]

2. Jones contends that the trial court committed prejudicial error when it refused to order the disclosure of the confidential informant's identity. We disagree.

> Public policy in Georgia favors nondisclosure of the identity of an informant in the interest of the free flow of information about criminal activity. The identity of a mere tipster is privileged, but where the informer is a witness or

---

[1] *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See OCGA §§ 16-13-30 (j) (defining possession of marijuana with intent to distribute); 16-11-106 (defining possession of a firearm during the commission of a crime); 16-7-20 (defining possession of tools used in the commission of a crime).

participant, or has entrapped a defendant into committing a crime, disclosure could be material to the defense. . . . [D]isclosure of an informant's identity was required where the informant was a witness or participant whose testimony would be the *only* testimony available to amplify or contradict that of the police officer or the defendant.[4]

A defendant has the burden of showing "the materiality and favorable nature of the material sought, and mere speculation that there may be exculpatory information is insufficient."[5]

Although the confidential informant in this case saw Jones at home with a "quantity" of marijuana within 48 hours of the police search, this does not make the informant a witness to the crime of possession of the drug with intent to distribute on the date charged in the indictment. Nor has Jones argued or shown that the informant's testimony was the only possible means of undermining police testimony.[6] It follows that the trial court did not err when it denied Jones's motion to reveal the informant's identity.[7]

3. Jones argues that the trial court erred when it denied his motion to suppress because (a) the accompanying affidavit did not provide the magistrate with probable cause and (b) the date on the warrant postdated the search by one day, rendering the search illegal. We disagree.

Where the evidence at a hearing on a motion to suppress is uncontroverted and no question of credibility is presented, we review the trial court's application of the law to these undisputed facts de novo.[8] As to questions of fact and credibility, however, we construe the evidence most favorably to the upholding of the trial court's findings, which must be accepted unless clearly erroneous.[9]

(a) A search warrant may issue upon facts "sufficient to show probable cause that a crime is being committed or has been committed."[10]

---

[4] *Simmons v. State*, 208 Ga. App. 721, 723 (1) (431 SE2d 721) (1993) (citations and punctuation omitted; emphasis supplied).

[5] Id. at 724 (1) (citation and punctuation omitted).

[6] See *May v. State*, 179 Ga. App. 736, 737-738 (3) (348 SE2d 61) (1986), citing *State v. Royal*, 247 Ga. 309 (275 SE2d 646) (1981).

[7] *May*, supra at 738 (3).

[8] *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

[9] *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

[10] OCGA § 17-5-21 (a).

The magistrate's task in determining if probable cause exists to issue a search warrant is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a *fair probability* that contraband or evidence of a crime will be found in a particular place.[11]

"A magistrate's decision to issue a search warrant based on a finding of probable cause is entitled to substantial deference by a reviewing court."[12]

The search warrant in this case was issued on the basis of the detective's affidavit, which stated that the informant had made approximately 100 controlled buys, had given information leading to the issuance of 23 search warrants and 30 arrests, and had never given false information. The affidavit also contained internally corroborating details including the informant's identification of Jones's photograph and the findings of the detective's surveillance of the residence. The trial court did not err when it found that the totality of this information provided the magistrate with probable cause to issue the warrant.[13]

(b) The trial court heard testimony at the hearing on Jones's motion to the effect that the magistrate had made a clerical error when he dated the warrant September 3, 2004, and that the warrant actually issued on September 2, the day of the search. The trial court did not err when it rejected Jones's attack on the warrant's validity on this account.[14]

4. Jones argues that the presence of two convicted felons on the jury deprived him of due process. We believe that the evidence does not authorize this conclusion.

OCGA § 15-12-163 (b) provides that the state or the accused may object to a juror on grounds including that "the juror has been convicted of a felony in a federal court or any court of a state of the United States and the juror's civil rights have not been restored."[15] OCGA § 15-12-163 (c) provides that a trial court presented with such an objection "shall . . . hear immediately such evidence as is submitted

---

[11] *Dalton v. State*, 282 Ga. 300, 303-304 (4) (647 SE2d 580) (2007) (citation and punctuation omitted; emphasis supplied).

[12] Id. at 304 (4) (citation omitted).

[13] Id. (four corners of officer's affidavit provided "fair probability" that evidence would be found).

[14] See *Blair v. State*, 230 Ga. 409, 411 (2) (197 SE2d 362) (1973) (arrest warrant was not defective on account of an incorrect date for the offense giving rise to the arrest).

[15] OCGA § 15-12-163 (b) (5).

in relation to the truth of these objections"; that "the juror shall be a competent witness for this purpose"; and that "[i]f the judge is satisfied of the truth of any objection, the juror shall be set aside for cause." " 'A juror incompetent propter defectum is made specially competent by the act of the parties in allowing him to serve without challenge, and a verdict will not be set aside for such cause.' "[16]

> In order for a defendant to secure a new trial because a juror did not give a correct response to a question posed on voir dire . . . , the defendant must show that the juror failed to answer the question truthfully and that a correct response would have been a valid basis for a challenge for cause.[17]

The trial court's findings of fact on the question whether a juror answered a voir dire question untruthfully will be upheld unless clearly erroneous.[18]

The record shows that during voir dire, the state asked a series of questions including whether there was "anyone present who is a convicted felon but has not had their felony pardoned by the governor" or was "under first offender probation for a felony right now." No jurors responded to this or any other of the state's questions concerning their qualifications. Although the state notified Jones and the trial court soon after trial that two jurors were convicted felons, there is no evidence in the record to establish the identity of either juror, to document the convictions, or to show that either had not had her rights restored. Pretermitting whether Jones waived an argument on appeal by failing to object before the verdict,[19] we conclude that the trial court did not clearly err when it denied the motion for new trial on this ground.[20]

5. Jones argues that trial counsel was ineffective when she failed (a) to move to strike the convicted felons, (b) to impeach the detective adequately with information concerning a previous suspension, and (c) to "argue sufficiently" that Jones's motion to suppress should have been granted. We disagree.

---

[16] *Vaughn v. State*, 173 Ga. App. 716, 718 (4) (327 SE2d 747) (1985), quoting *Parris v. State*, 125 Ga. 777 (1) (54 SE 751) (1906); see also *Lawson v. State*, 278 Ga. App. 852 (1) (630 SE2d 131) (2006).

[17] *Sears v. State*, 270 Ga. 834, 840 (2) (514 SE2d 426) (1999) (citations omitted).

[18] *Dunbar v. State*, 273 Ga. App. 29, 31 (1) (614 SE2d 472) (2005).

[19] Id. at 32 (1) (b) (defendants who fail to show that they could not have known of juror's consanguinity waived objection on that ground).

[20] See *Stevenson v. State*, 272 Ga. App. 335, 341 (3) (b) (612 SE2d 521) (2005) (trial court did not clearly err in denying motion for new trial when defendant did not introduce certified copy of grand juror's conviction into evidence and could not show that grand juror had not had his rights restored).

To show ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.[21] The question of ineffectiveness is a mixed one of both law and fact: "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[22]

(a) As we have ruled in Division 4 above, the record contains no evidence authorizing a finding that one or more jurors were felons whose rights had not been restored. Nor does the evidence introduced at the hearing on Jones's motion for new trial permit a reasonable inference that trial counsel performed deficiently when she failed to discover the convicted status of either juror before the entry of the verdict. There was neither deficient performance nor prejudice here.[23]

(b) The state filed a motion in limine to exclude evidence concerning allegations that in 1991, the investigating detective was indicted for misrepresenting facts in a search warrant. The trial court granted the motion on the ground that the detective had never been convicted.

"[S]pecific instances of misconduct may not be used to impeach a witness's character or credibility, unless the misconduct has resulted in conviction of such a crime. A mere indictment or a charge or an arrest or a trial and acquittal are not legal methods of impeachment."[24] Because the trial court correctly granted this motion in limine, counsel cannot be held ineffective for failing to prevail on it.[25]

(c) Jones has provided neither citations to the record nor legal authority for his claim that counsel's argument in favor of his motion to suppress was insufficient. We therefore deem this argument abandoned.[26]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 26, 2008.

*Martin G. Hilliard*, for appellant.

---

[21] *Suggs v. State*, 272 Ga. 85, 87-88 (4) (526 SE2d 347) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[22] *Suggs*, supra at 88 (4) (footnote omitted).

[23] See *Stevenson*, supra (trial counsel was not ineffective for failing to discover that a grand juror was a convicted felon when defendant failed to produce evidence of either the conviction or the nonrestoration of the grand juror's rights); *Lawson*, supra at 852-853 (1) (even assuming that counsel's failure to object to juror on basis of nonresidency could be deemed deficient performance, the defendant had not shown that he was prejudiced by that deficiency).

[24] *Bell v. State*, 265 Ga. App. 407, 408 (593 SE2d 935) (2004) (citation omitted).

[25] See *Davis v. State*, 267 Ga. App. 245, 246 (2) (599 SE2d 237) (2004) (failure to make meritless motion cannot amount to ineffective assistance).

[26] Court of Appeals Rule 25 (c) (2).

*Spencer Lawton, Jr., District Attorney, Arvo H. Henifin, Assistant District Attorney*, for appellee.